4271/rl

NIGHT BOX
FILED
NOV 25 1998
CARLOS JUENKE
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN ADMIRALTY 98 - 2923

ZURICH CANADA, as subrogee of
Gildan Activewear, and GILDAN
ACTIVEWEAR,

        Plaintiffs,

vs.

ANTILLEAN MARINE SHIPPING CORP.,
M.V. RIO HAINA, in rem, M.V.
MIAMI EXPRESS, in rem, and
TRUCKMAR TRANSPORT INC.,

        Defendants.
_____/

CASE NO.:

MAGISTRATE JUDGE
BROWN

## COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 9(h)

Plaintiffs, by and through undersigned attorneys, sue Defendants, ANTILLEAN MARINE SHIPPING CORP., M.V. RIO HAINA, in rem, M.V. MIAMI EXPRESS, in rem, and TRUCKMAR TRANSPORT INC., and alleges as follows:

1. This is an admiralty or maritime claim within the Fed. R. Civ. P. 9(h)

2. Defendant, ANTILLEAN MARINE SHIPPING CORP., is a foreign corporation with a registered agent having an office and place of business at 3038 N.W. North River Drive, Miami, Florida 33142.

3. Defendant, TRUCKMAR TRANSPORT INC., is a foreign corporation with a registered agent having an office and place of business at 3172 S.W. 17th Street, Miami, Florida 33145.

4. Defendant's vessel, M.V. RIO HAINA, is an ocean going vessel of foreign



registry, and is a common carrier of cargo between various ports of the world and the United States, which was owned, operated, managed and otherwise controlled by Defendant, ANTILLEAN.

5.  Defendant's vessel, M.V. RIO HAINA, is now, or during the pendency of this action will be, within this district.

6.  Defendant's vessel, M.V. MIAMI EXPRESS, is an ocean going vessel of foreign registry, and is a common carrier of cargo between various ports of the world and the United States, which was owned, operated, managed and otherwise controlled by Defendant, ANTILLEAN.

7.  Defendant's vessel, M.V. MIAMI EXPRESS, is now, or during the pendency of this action will be, within this district.

8.  On or about April 10, 1997, at the Port-au-prince, Haiti, there was delivered to Defendants, ANTILLEAN and M.V. MIAMI EXPRESS, as common carriers, 1 (one) container of 860 cartons of t-shirts, all in good order and condition, as more fully described in documents issued by Defendant and denoted un-numbered bill of lading attached hereto as Exhibit "B", for transportation on Defendant's vessel, M.V. MIAMI EXPRESS.

9.  Said bill of lading, which is un-numbered, attached hereto as Exhibit "B", was and is "clean", free from exceptions as to the condition and quantity of cargo.

10. Said cargo was accepted by Defendant, M.V. MIAMI EXPRESS, which agreed to transport same from Port-au-prince to the Port of Miami through to Consignee Malone Manufacturing in Malone, New York, for certain money consideration thereupon paid. Said

Cargo was placed aboard Defendant M.V. MIAMI EXPRESS for transport in Container No. AMLU-400386-1, affixed with Seal No. 3614.

11. Defendant, ANTILLEAN MARINE SHIPPING CORP., utilized the services of TRUCKMAR TRANSPORT INC. via bill of lading no. 0083 dated April 19, 1997 and signed in receipt by Mr. James King on behalf of Malone Manufacturing to complete arrival of the shipment through to Malone Manufacturing Inc. in Malone, New York.

12. Defendant, M.V. MIAMI EXPRESS, arrived at the Port of Miami sometime between April 10, 1997 and April 19, 1997 and discharged aforesaid cargo to TRUCKMAR TRANSPORT INC. Defendant, M.V. MIAMI EXPRESS, through TRUCKMAR TRANSPORT INC. arrived at Champlain, New York sometime after April 19, 1997 and discharged aforesaid cargo, but not in the same quantity and condition as when accepted by Defendant's vessel in that; Container No. AMLU-400386-1 and Seal No. 3614 had been tampered with, and the amount discharged was short in the amount of approximately 310 cartons, all in violation of Defendants' duties and obligations as common carriers of merchandise by water for hire.

13. Plaintiff, GILDAN ACTIVEWEAR, was the owner and/or real party in interest and suffered damages as a result of the loss of cargo, and additional expenses in the approximate amount of $44,349.30, as near as can now be calculated.

14. Plaintiff, ZURICH CANADA, insured GILDAN ACTIVEWEAR under a Marine Open Cargo Policy. As a result of the loss of cargo, ZURICH CANADA paid to GILDAN the approximate sum of $43,349.30, pursuant to said policy.

15. Thereupon, ZURICH CANADA, became entitled to GILDAN's beneficial rights

against Defendants as a result of the cargo loss, and is further entitled under the doctrine of subrogation to sue Defendants in order to assert those rights.

16.     GILDAN's uninsured damages as a result of the cargo loss remain in the approximate sum of $1,000.00.

17.     On or about March 30, 1997, at the Port-au-prince, Haiti, there was delivered to Defendants, ANTILLEAN and M.V. RIO HAINA, as common carriers, 1 (one) container of 807 cartons of t-shirts, all in good order and condition, as more fully described in documents issued by Defendant and denoted un-numbered bill of lading attached hereto as Exhibit "A", for transportation on Defendant's vessel, M.V. MIAMI EXPRESS.

18.     Said bill of lading, which is un-numbered, attached hereto as Exhibit "A", was and is "clean", free from exceptions as to the condition and quantity of cargo.

19.     Said cargo was accepted by Defendant, M.V. MIAMI EXPRESS, which agreed to transport same from Port-au-prince to the Port of Miami through to Consignee Malone Manufacturing in Malone, New York, for certain money consideration thereupon paid. Said Cargo was placed aboard Defendant RIO HAINA for transport in Container No. AMLU-400531-3 and transferred to Container No. UXXU-480860-7, Seal No. 3610.

20.     Defendant, M.V. RIO HAINA, arrived at the Port of Miami sometime between March 30, 1997 and May 6, 1997 and discharged aforesaid cargo to TRUCKMAR TRANSPORT INC. Defendant, M.V. MIAMI EXPRESS, through TRUCKMAR TRANSPORT INC. arrived at Champlain, New York near that time and discharged aforesaid cargo, but not in the same quantity and condition as when accepted by Defendant's vessel in that; Container

No. UXXU 6808607 and Seal No. 3610 had been tampered with, and the amount discharged was short in the amount of approximately 200 cartons, all in violation of Defendants' duties and obligations as common carriers of merchandise by water for hire.

21. Plaintiff, GILDAN ACTIVEWEAR, was the owner and/or real party in interest and suffered damages as a result of the loss of cargo, and additional expenses in the approximate amount of $32,304.90, as near as can now be calculated.

22. Plaintiff, ZURICH CANADA, insured GILDAN ACTIVEWEAR under Zurich Canada under a Marine Open Cargo Policy. As a result of the loss of cargo, Zurich Canada paid to GILDAN the approximate sum of $31,304.90, pursuant to said policy.

23. Thereupon, ZURICH CANADA, became entitled to GILDAN's beneficial rights against Defendants as a result of the cargo loss, and is further entitled under the doctrine of subrogation to sue Defendants in order to assert those rights.

24. GILDAN's uninsured damages as a result of the cargo loss remain in the approximate sum of $1,000.00.

25. On or about May 6, 1997, at the Port-au-prince, Haiti, there was delivered to Defendants, ANTILLEAN and M.V. RIO HAINA, as common carriers, 1 (one) container of 984 cartons of t-shirts, all in good order and condition, as more fully described in documents issued by Defendant and denoted un-numbered bill of lading attached hereto as Exhibit "C", for transportation on Defendant's vessel, M.V. MIAMI EXPRESS.

26. Said bill of lading, which is numbered AMLU-501185-0, attached hereto as Exhibit "C", was and is "clean", free from exceptions as to the condition and quantity of cargo.

27. Said cargo was accepted by Defendant, M.V. MIAMI EXPRESS, which agreed to transport same from Port-au-prince to the Port of Miami through to Consignee Malone Manufacturing in Malone, New York, for certain money consideration thereupon paid. Said Cargo was placed aboard Defendant RIO HAINA for transport in Container No. UXXU-4806693, under Seal No. 4078.

28. Defendant, M.V. RIO HAINA, arrived at the Port of Miami sometime near May 6, 1997 and discharged aforesaid cargo to TRUCKMAR TRANSPORT INC. Defendant, M.V. MIAMI EXPRESS, through TRUCKMAR TRANSPORT INC. arrived at Champlain, New York sometime near May 9, 1997 and discharged aforesaid cargo, but not in the same quantity and condition as when accepted by Defendant's vessel in that; Container No. UXXU-4806693 had been tampered with, and the amount discharged was short in the amount of approximately 268 cartons, all in violation of Defendants' duties and obligations as common carriers of merchandise by water for hire.

29. Plaintiff, GILDAN ACTIVEWEAR, was the owner and/or real party in interest and suffered damages as a result of the loss of cargo, and additional expenses in the approximate amount of $39,231.36, as near as can now be calculated.

30. Plaintiff, ZURICH CANADA, insured GILDAN ACTIVEWEAR under Zurich Canada under a Marine Open Cargo Policy. As a result of the loss of cargo, Zurich Canada paid to GILDAN the approximate sum of $37,850.34, pursuant to said policy, after partial recovery and sue and labor charges.

31. Thereupon, ZURICH CANADA, became entitled to GILDAN's beneficial rights

Page 7

against Defendants as a result of the cargo loss, and is further entitled under the doctrine of subrogation to sue Defendants in order to assert those rights.

32.    GILDAN's uninsured damages as a result of the cargo loss remain in the approximate sum of $1,000.00.

33.    On or about May 15, 1997, at the Port-au-prince, Haiti, there was delivered to Defendants, ANTILLEAN and M.V. RIO HAINA, as common carriers, 1 (one) container of 956 cartons of t-shirts, all in good order and condition, as more fully described in documents issued by Defendant and denoted un-numbered bill of lading attached hereto as Exhibit "D", for transportation on Defendant's vessel, M.V. MIAMI EXPRESS.

34.    Said bill of lading, which is numbered AMLU-501190-7, attached hereto as Exhibit "D", was and is "clean", free from exceptions as to the condition and quantity of cargo.

35.    Said cargo was accepted by Defendant, M.V. MIAMI EXPRESS, which agreed to transport same from Port-au-prince to the Port of Miami through to Consignee Malone Manufacturing in Malone, New York, for certain money consideration thereupon paid. Said Cargo was placed aboard Defendant RIO HAINA for transport in Container No. AMLU-459623-7.

36.    Defendant, M.V. RIO HAINA, arrived at the Port of Miami sometime near May 15, 1997 and discharged aforesaid cargo to TRUCKMAR TRANSPORT INC., which was stolen from TRUCKMAR TRANSPORT INC.'s yard in Hialeah on the 31st of May or the 1st of June, 1997.

37.    Plaintiff, GILDAN ACTIVEWEAR, was the owner and/or real party in interest

and suffered damages as a result of the loss of cargo, and additional expenses in the approximate amount of $154,671.90, as near as can now be calculated.

38. Plaintiff, ZURICH CANADA, insured GILDAN ACTIVEWEAR under Zurich Canada under a Marine Open Cargo Policy. As a result of the loss of cargo, Zurich Canada paid to GILDAN the approximate sum of $136,173.90, pursuant to said policy, after partial recovery and sue and labor charges.

39. Thereupon, ZURICH CANADA, became entitled to GILDAN's beneficial rights against Defendants as a result of the cargo loss, and is further entitled under the doctrine of subrogation to sue Defendants in order to assert those rights.

40. GILDAN's uninsured damages as a result of the cargo loss remain in the approximate sum of $1,000.00.

## COUNT I

41. Plaintiff, ZURICH CANADA, reincorporates herein by reference the allegations of Paragraphs 1 through 40 of this Complaint.

42. Said damage resulted from the breach by Defendant vessels, M.V. RIO HAINA and M.V. MIAMI EXPRESS, of its agreements and warranties, both express and implied, to safely secure, load, stow, and carry the said cargo of t-shirts, and to discharge and deliver same to Plaintiff in like good order and condition as when received by it for shipment.

43. Plaintiff, ZURICH CANADA, was the of insurer of the shipments as above described and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who are or may become interested in the shipments, as their

respective interest may ultimately appear, and Plaintiff, ZURICH CANADA, is entitled to maintain this action.

46. Plaintiff, ZURICH CANADA, has duly performed all duties and obligations on its part to be performed.

45. As a result of the aforesaid breaches of agreements and warranties by Defendants, ANTILLEAN MARINE SHIPPING CORP. and M.V. RIO HAINA, Plaintiff, ZURICH CANADA, has suffered expenses and related damages in the approximate amount of $69,155.24, as near as can now be calculated, after partial recovery and sue and labor charges as denoted in Exhibit "F".

46. As a result of the aforesaid breaches of agreements and warranties by Defendants, ANTILLEAN MARINE SHIPPING CORP. and M.V. MIAMI EXPRESS, Plaintiff, ZURICH CANADA, has suffered expenses and related damages in the approximate amount of $179,522.44, as near as can now be calculated, after partial recovery and sue and labor charges as denoted in Exhibit "F".

## COUNT II

47. Plaintiff, GILDAN ACTIVEWEAR, reincorporates herein by reference the allegations of Paragraphs 1 through 46 of this Complaint.

48. Said damage resulted from the breach by Defendant vessels, M.V. RIO HAINA and M.V. MIAMI EXPRESS, of its agreements and warranties, both express and implied, to safely secure, load, stow, and carry the said cargo of t-shirts, and to discharge and deliver same to Plaintiff in like good order and condition as when received by it for shipment.

49. Plaintiff, GILDAN ACTIVEWEAR, was the forwarding agent of the shipment as above described and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who are or may become interested in the shipments, as their respective interest may ultimately appear, and Plaintiff, GILDAN ACTIVEWEAR, is entitled to maintain this action.

50. Plaintiff, GILDAN ACTIVEWEAR, has duly performed all duties and obligations on its part to be performed.

51. As a result of the aforesaid breaches of agreements and warranties by these Defendants, ANTILLEAN MARINE SHIPPING CORP. and M.V. RIO HAINA, Plaintiff, GILDAN ACTIVEWEAR, has suffered a loss of cargo, as well as additional expenses and related damages in the approximate amount of $71,536.26, as near as can now be calculated, adjusted for partial recovery and sue and labor charges for the final amount of $71,155.24.

52. As a result of the aforesaid breaches of agreements and warranties by these Defendants, ANTILLEAN MARINE SHIPPING CORP. and M.V. MIAMI EXPRESS, Plaintiff, GILDAN ACTIVEWEAR, has suffered a loss of cargo, as well as additional expenses and related damages in the approximate amount of $199,021.20, as near as can now be calculated, adjusted for partial recovery and sue and labor charges for the final amount of $181,522.44.

## COUNT III

53. Plaintiff, ZURICH CANADA, reincorporates herein by reference the allegations of Paragraphs 1 through 52 of this Complaint.

54. Said damage resulted from the negligence of Defendant vessels, M.V. RIO

HAINA and M.V. MIAMI EXPRESS, in loading, stowing, securing, carrying and/or discharging the said cargo in that among other things, the Defendant;

    a.     Failed to properly protect the cargo;

    b.     Failed to properly store, stow, load, and carry the cargo;

    c.     Failed to provide adequate security for the cargo;

    d.     Converted a portion of the cargo to its own use;

    e.     And otherwise failed to take adequate precaution for the safety of the cargo;

55.     Plaintiff, ZURICH CANADA, was the insurer of the shipment as above described and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who are or may become interested in the shipments, as their respective interest may ultimately appear, and Plaintiff, ZURICH CANADA, is entitled to maintain this action.

56.     Plaintiff, ZURICH CANADA, has duly performed all duties and obligations on its part to be performed.

57.     As a result of the aforesaid breaches of agreements and warranties by these Defendants, ANTILLEAN MARINE SHIPPING CORP. and M.V. RIO HAINA, Plaintiff, ZURICH CANADA, has suffered expenses and related damages in the approximate amount of $69,155.24, as near as can now be calculated.

58.     As a result of the aforesaid breaches of agreements and warranties by these Defendants, M.V. RIO HAINA and M.V. MIAMI EXPRESS, Plaintiff, ZURICH CANADA, has suffered expenses and related damages in the approximate amount of $179,522.44, as near

as can now be calculated.

## COUNT IV

59. Plaintiff, GILDAN ACTIVEWEAR, reincorporates herein by reference the allegations of Paragraphs 1 through 58 of this Complaint.

60. Said damage resulted from the negligence of Defendant vessels, M.V. RIO HAINA and M.V. MIAMI EXPRESS, in loading, stowing, securing, carrying and/or discharging the said cargo in that among other things, the Defendant;

   a. Failed to properly protect the cargo;

   b. Failed to properly store, stow, load, and carry the cargo;

   c. Failed to provide adequate security for the cargo;

   d. Converted a portion of the cargo to its own use;

   e. And otherwise failed to take adequate precaution for the safety of the cargo;

61. Plaintiff, GILDAN ACTIVEWEAR, was the forwarding agent of the shipment as above described and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who are or may become interested in the shipments, as their respective interest may ultimately appear, and Plaintiff, GILDAN ACTIVEWEAR, is entitled to maintain this action.

62. Plaintiff, GILDAN ACTIVEWEAR, has duly performed all duties and obligations on its part to be performed.

63. As a result of the aforesaid breaches of agreements and warranties by this Defendants, ANTILLEAN MARINE SHIPPING CORP. and M.V. RIO HAINA, Plaintiff,

GILDAN ACTIVEWEAR, has suffered a loss of cargo, additional expenses and related damages in the approximate amount of $2,000.00, as near as can now be calculated.

64. As a result of the aforesaid breaches of agreements and warranties by this Defendants, ANTILLEAN MARINE SHIPPING CORP. and M.V. MIAMI EXPRESS, Plaintiff, GILDAN ACTIVEWEAR, has suffered a loss of cargo, additional expenses and related damages in the approximate amount of $2,000.00, as near as can now be calculated.

## COUNT V

65. Plaintiff, ZURICH CANADA, incorporates herein by reference the allegations of Paragraph 1 through 64 of this Complaint.

66. Defendants warranted, iter alia, that the cargo would be kept safe and secure from theft.

67. Defendants breached such warranties by failing to keep the cargo safe and secure from theft.

68. Plaintiff, ZURICH CANADA, was the insurer of the shipments as above described and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who are or may become interested in the shipments, as their respective interest may ultimately appear, and Plaintiff, ZURICH CANADA, is entitled to maintain this action.

69. Plaintiff, ZURICH CANADA, has duly performed all duties and obligations on its part to be performed.

70. As a result of the aforesaid breach of warranties by these Defendants,

ANTILLEAN MARINE SHIPPING CORP. and M.V. RIO HAINA, Plaintiff, ZURICH CANADA, has suffered expenses and related damages in the approximate amount of $69,155.24, as near as can now be calculated.

71. As a result of the aforesaid breach of warranties by these Defendants, ANTILLEAN MARINE SHIPPING CORP. and M.V. MIAMI EXPRESS, Plaintiff, ZURICH CANADA, has suffered expenses and related damages in the approximate amount of $69,155.24, as near as can now be calculated.

## COUNT VI

72. Plaintiff, GILDAN ACTIVEWEAR, incorporates herein by reference the allegations of Paragraph 1 through 71 of this Complaint.

73. Defendants warranted, iter alia, that the cargo would be kept safe and secure from theft.

74. Defendants breached such warranties by failing to keep the cargo safe and secure from theft

75. Plaintiff, GILDAN ACTIVEWEAR, was the forwarding agent of the shipments as above described and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who are or may become interested in the shipments, as their respective interest may ultimately appear, and Plaintiff, GILDAN ACTIVEWEAR, is entitled to maintain this action.

76. Plaintiff, GILDAN ACTIVEWEAR, has duly performed all duties and obligations on its part to be performed.

77. As a result of the aforesaid breach of warranties by Defendants, ANTILLEAN MARINE SHIPPING CORP. and M.V. RIO HAINA, Plaintiff, GILDAN ACTIVEWEAR, has suffered a loss of cargo, in addition to expenses and related damages in the approximate amount of $69,155.24, as near as can now be calculated.

78. As a result of the aforesaid breach of warranties by Defendants, ANTILLEAN MARINE SHIPPING CORP. and M.V. MIAMI EXPRESS, Plaintiff, GILDAN ACTIVEWEAR, has suffered a loss of cargo, in addition to expenses and related damages in the approximate amount of $179,522.44, as near as can now be calculated.

## COUNT VII

79. Plaintiff, GILDAN ACTIVEWEAR, incorporates herein by reference the allegations of Paragraph 1 through 78 of this Complaint.

80. A contract of carriage existed between ANTILLEAN MARINE SHIPPING CORP. and TRUCKMAR TRANSPORT INC. as evidenced by bills of lading nos. 0083 and 0027 attached hereto as Exhibit "E", and two other bills of lading not yet available to Plaintiffs.

81. This contract primarily benefitted Plaintiffs as the contract was made for the purpose of completing the delivery of Plaintiff's goods through to the Consignee Malone Manufacturing in Malone, New York.

82. TRUCKMAR TRANSPORT INC. failed to discharge the aforesaid cargo in the same quantity and condition as when accepted from the vessels of ANTILLEAN MARINE SHIPPING CORP.

83. Both ANTILLEAN MARINE SHIPPING CORP. and TRUCKMAR

TRANSPORT INC. intended GILDAN ACTIVEWEAR to be the beneficiary of this contract.

84. GILDAN ACTIVEWEAR suffered losses in the amounts of $32,304.90, $44,349.30, $39,231.36 and $154,671.90 due to these shortages of shipments shipped under bills of lading listed under Exhibits "A", "B", "C", and "D" respectively.

85. ZURICH CANADA is an insurer of GILDAN ACTIVEWEAR and made payments to GILDAN ACTIVEWEAR in the amounts of $31,304.90, $43,349.30, $37,850.34 and $136,173.14, due to these shortages of shipments shipped under bills of lading listed under Exhibits "A", "B", "C", and "D" respectfully, under contract of insurance pursuant to this loss.

86. ZURICH CANADA has therefore become subrogated to the rights against TRUCKMAR TRANSPORT by its subrogor, GILDAN ACTIVEWEAR.

87. GILDAN ACTIVEWEAR suffered uncompensated losses in the amount of $1,000.00 for each of the four above mentioned shipments.

## COUNT VIII

88. Plaintiff, GILDAN ACTIVEWEAR, reincorporates herein by reference the allegations of Paragraphs 1 through 87 of this Complaint.

89. Said damage resulted from the breach by Defendant, TRUCKMAR TRANSPORT INC., of its agreements and warranties, both express and implied, to safely secure, load, stow, and carry the said cargo of t-shirts, and to discharge and deliver same to Plaintiff in like good order and condition as when received by it for shipment.

90. Plaintiff, GILDAN ACTIVEWEAR, was the forwarding agent of the shipment as above described and brings this action on its own behalf and, as agent and trustee, on behalf

Page 17

of and for the interest of all parties who are or may become interested in the shipments, as their respective interest may ultimately appear, and Plaintiff, GILDAN ACTIVEWEAR, is entitled to maintain this action.

91. Plaintiff, GILDAN ACTIVEWEAR, has duly performed all duties and obligations on its part to be performed.

92. As a result of the aforesaid breaches of agreements and warranties by these Defendant, TRUCKMAR TRANSPORT INC., Plaintiff, GILDAN ACTIVEWEAR, has suffered a loss of cargo, as well as additional expenses and related damages in the approximate amount of $252,677.68, as near as can now be calculated, adjusted for partial recovery and sue and labor charges.

93. As a result of the aforesaid breaches of agreements and warranties by these Defendant, TRUCKMAR TRANSPORT INC., and payments made by ZURICH CANADA, Plaintiff, ZURICH CANADA, has suffered a loss of cargo, as well as additional expenses and related damages in the approximate amount of $248,677.68, as near as can now be calculated, adjusted for partial recovery and sue and labor charges.

**Wherefore, Plaintiffs pray:**

a. That process in due form of law may issue against Defendant, ANTILLEAN MARINE SHIPPING CORP., citing it personally, M.V. RIO HAINA, M.V. MIAMI EXPRESS, and TRUCKMAR TRANSPORT INC., jointly and severally, to appear and answer all and singular the matters aforesaid;

b.    That process <u>in rem</u> may issue in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction, against Defendant, M.V. RIO HAINA, her engines, boilers, tackle, etc. and against any and all persons having or claiming to have any and all interest therein, that they may be cited to appear and answer under oath all and singular the matters aforesaid;

c.    That Plaintiffs may have a decree against the said M.V. RIO HAINA, her engines, boilers, tackles, etc. for damages sustained by the Plaintiff as aforesaid, together with interest and costs and disbursements; that the Defendant M.V. RIO HAINA may be condemned and sold to pay same, and that Plaintiff may recover its damages together with interest, costs and disbursements from said Defendant;

d.    That judgment be entered against Defendants, ANTILLEAN MARINE SHIPPING CORP., M.V. RIO HAINA, and TRUCKMAR TRANSPORT INC., jointly and severally, in favor of the Plaintiff, GILDAN ACTIVEWEAR, in the amount of $2,000.00, together with interests and costs.

e.    That judgment be entered against Defendants, ANTILLEAN MARINE SHIPPING CORP., M.V. RIO HAINA, and TRUCKMAR TRANSPORT INC., jointly and severally, in favor of the Plaintiff, ZURICH CANADA, in the amount of $69,155.24, together with interest and costs.

f.    That this Honorable Court may grant such other and further relief as may be required.

g.    That judgment be entered against Defendants, ANTILLEAN MARINE SHIPPING

CORP., M.V. MIAMI EXPRESS and TRUCKMAR TRANSPORT INC., jointly and severally, in favor of the Plaintiff, GILDAN ACTIVEWEAR, in the amount of $2,000.00, together with interest and costs.

 h. That judgment be entered against the Defendants, ANTILLEAN MARINE SHIPPING CORP., M.V. MIAMI EXPRESS and TRUCKMAR TRANSPORT INC., jointly and severally, in favor of the Plaintiff, ZURICH CANADA, in the amount of $179,522.44, together with interest and costs.

 i. That this Honorable Court may grant such other and further relief as may be required.

 WHEREFORE, Plaintiffs, ZURICH CANADA, as subrogee of Gildan Activewear, and GILDAN ACTIVEWEAR, demand judgment for all damages against Defendants, ANTILLEAN MARINE SHIPPING CORP., M.V. RIO HAINA, in rem, M.V. MIAMI EXPRESS, in rem, and TRUCKMAR TRANSPORT INC., and requests trial by jury on all issues.

 Respectfully submitted,

RODRIGUEZ & ARONSON, P.A.
2121 Ponce de Leon Boulevard
Suite 730
Miami, Florida 33134
Tel: (305) 774-1477
Fax: (305) 774-1075

By: _____
 DOMINGO C. RODRIGUEZ, ESQ.
 Florida Bar No.: 394645

# CIVIL COVER SHEET


98-2923

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
ZURICH CANADA, as subrogee of Gildan Activewear, and GILDAN ACTIVEWEAR

**DEFENDANTS**
ANTILLEAN MARINE SHIPPING CORP., M.V. RIO HAINA, in rem, M.V. MIAMI EXPRESS, in rem, and TRUCKMAR TRANSPORT INC.

CIV - MAGISTRATE JUDGE BROWN

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

A: Docket: 98 CV 2923 Lenard / Braun

NIGHT BOX FILED
NOV 25 1998
CARLOS JUENKE
CLERK, USDC/SDFL/MIA

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Domingo C. Rodriguez, Esq.
Rodriguez Aronson, P.A., Suite 730, Miami, FL 33146
2121 Ponce de Leon Blvd.
(305) 774-1477

plus atty not entered

**ATTORNEYS (IF KNOWN)**

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** (DADE) MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X ONE BOX ONLY)
- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated of Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
28 U.S.C. §1333

**IVa.** 2 days estimated (for both sides) to try entire case

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reapportionment |
| ☒ 120 Marine | ☐ 310 Airplane  ☐ 362 Personal Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability  ☐ 365 Personal Injury-Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander  ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability  **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine  ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability  ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle  ☐ 380 Other Personnel Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability  ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment | Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General * | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other * | | | ☐ 890 Other Statutory Actions * |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights * A or B | | | * A or B |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
- ☒ 1. Original Proceeding
- ☐ 2. Removed From State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (Specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23   **DEMAND $** _____   Check YES only if demanded in complaint   **JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE _____ DOCKET NUMBER _____

**DATE** November 25, 1998   **SIGNATURE OF ATTORNEY OF RECORD** [signature]

**UNITED STATES DISTRICT COURT**
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 701466
Date Paid: 11/27/98
Amount: 150.00
M/ifp: _____